**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 14, 2025**

# In the Court of Appeals of Georgia

A25A1275. VILLEDA v. CITY OF MORVEN.

MCFADDEN, Presiding Judge.

Jose Guiterrez Villeda appeals from the trial court's order dismissing his personal injury action against the City of Morven on the ground that Villeda did not comply with the statutory requirements for service of an ante litem notice against the city. See OCGA § 36-33-5 (f). The trial court held that Villeda's notice was insufficient because in addressing it he named the city's former mayor rather than its current mayor. We hold that the service was sufficient under our Supreme Court's recent decision in *Fleureme v. City of Atlanta*, ___ Ga. ___ (917 SE2d 593) (2025), so we reverse.

A plaintiff bringing a personal injury claim for money damages against a city must comply with OCGA § 36-33-5's ante litem notice requirements. Among other things, such notice "shall be served upon the mayor or the chairperson of the city council or city commission, as the case may be, by delivering the claim to such official personally or by certified mail or statutory overnight delivery." OCGA § 36-33-5 (f).

The record on appeal shows that on March 29, 2023, Villeda sent notice by certified mail, return receipt requested, in the form of a letter addressed to "LE Godwin, Jr., Morven City Mayor, PO BOX 250, Morven, GA 31638." The envelope containing that letter was addressed to "MAYOR LE GODWIN, PO BOX 250, MORVEN GA 31638-0250." The return receipt for the letter was signed by someone with the first name "Tina."

When Villeda sent the notice, L. E. Godwin, Jr. was no longer the mayor of the city. He had left that office on December 31, 2021. Instead, Anita Hill was the mayor.

The city moved to dismiss the action, arguing among other things that the notice did not comply with OCGA § 36-33-5 (f) because it was not addressed to the specific person who was serving as mayor at the time. In support of this argument, the city relied on our decision in *Fleureme v. City of Atlanta*, 371 Ga. App. 416, 419 (1) (900

SE2d 625) (2024), rev'd, ___ Ga. ___ (917 SE2d 593) (2025), in which we held that notice does not satisfy OCGA § 36-33-5 (f) unless it is "actually . . . addressed to one of the[ ] statutorily designated individuals and not merely his or her office." The trial court's order granting the city's motion and dismissing the action reflects this rationale, holding that service of the notice was insufficient because it was made upon a former mayor rather than the current mayor.

But our Supreme Court recently reversed the decision on which the city relied. In *Fleureme v. City of Atlanta*, supra, ___ Ga. at ___ (2) (a), the Court held that it is not necessary under OCGA § 36-33-5 (f) to address the notice to a city mayor by name. Instead, notice is sufficiently served upon a mayor if it is "addressed to the formal office of that official and delivered to the office where that official works." Id. at ___ (2) (a). Moreover, "[t]he plaintiff does not have to make sure that the notice gets into the hands of the mayor personally, whether by addressing it specifically to the mayor by name or otherwise." Id. at ___ (2) (a).

The Court also suggested in *Fleureme* that substantial, rather than strict, compliance will satisfy the service requirements of OCGA § 36-33-5 (f), although it did not decide the issue. See *Fleureme*, ___ Ga. at ___ (2) (b) ("we doubt seriously that

3

'strict compliance' with subsection (f) is required"). But the Court emphasized that even under a "strict compliance" standard, mailing a notice to the address where the mayor works and addressed to the mayor's office is sufficient. Id. at ___ (2) (b).

The city does not contend that Villeda mailed his notice to somewhere other than the place where the current mayor works or that the mayor's office did not receive the notice. Instead, the city argues that the notice was insufficient because it was addressed to a post office box rather than a street address; included the name of the former mayor; referred to the title of "mayor" rather than the office of "mayor" on the envelope; and was signed for by a person other than the mayor. In light of our Supreme Court's decision in *Fleureme*, we are not persuaded by these arguments.

*Judgment reversed. Hodges and Pipkin, JJ., concur.*